IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR VILLANTES GEORGE § | | |
| Petitioner, § | | |
| § | | |
| V. § | | No. 3:25-cv-2935-S-BW |
| § | | |
| KRISTI NOEM, et al., § | | |
| Respondents. § | | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Oscar Villantes George, a person originally arrested and detained at the Dallas ICE-ERO Field Office, a facility in this district, filed this habeas action under 28 U.S.C. § 2241 on October 29, 2025. (Dkt. No. 1 ("Pet.").) He also filed an emergency motion for a temporary restraining order ("TRO") and/or preliminary injunction. (Dkt. No. 2.) On November 20, 2025, he filed an amended petition (Dkt. No. 9 ("Am. Pet.")) and an amended emergency motion for TRO (Dkt. No. 11 ("Mot.")). On December 12, 2025, Respondents filed a response to the petition and motions (Dkt. No. 14 ("Resp.")), supported by an appendix (Dkt. No. 15 ("App.")). On December 15, 2025, Villantes George filed a reply. (Dkt. No. 16 ("Reply").)

For the reasons discussed below, the undersigned magistrate judge recommends that the Court grant in part Petitioner Villantes George's application for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. Nos. 1,9) and require

---

[1] This habeas action has been referred for case management to the undersigned magistrate judge by Special Order 3-251. (*See* Dkt. No. 4.)

Respondents to provide him with a bond hearing before an immigration judge and deny the motions for a TRO (Dkt. Nos. 2, 11).

## I. BACKGROUND

Villantes George seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his recent detention by Immigration and Customs Enforcement ("ICE"). (*See generally* Am. Pet.)  He alleges that he cannot be subject to mandatory immigration detention but rather must be given an individualized bond hearing in connection with his pending removal proceeding.  Villantes George additionally seeks a temporary restraining order that likewise asserts he is entitled to an individualized bond determination.

Villantes George alleges the following facts in his amended petition.  He is a citizen of Mexico who has lived in the United States for more than a decade since last entering the country without inspection.  (Am. Pet. ¶ 1.)  His wife is a Lawful Permanent Resident ("LPR"); he is the sole financial provider for the family; he has filed his tax returns for well over a decade; and he has been a valued member of St. Jude Catholic Church for years.  (Am. Pet. ¶¶ 21-22.)

On June 6, 2023, Villantes George was placed in removal proceedings when ICE issued him a Notice to Appear ("NTA") charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i), based on being present in the country after entering without inspection ("EWI").  (Am. Pet. ¶ 23.)  After being processed and issued the

NTA in June 2023, ICE released him on his own recognizance, with a removal hearing scheduled for November 17, 2027. (*Id.*) Villantes George was arrested at the ICE-ERO Dallas Field Office on October 28, 2025, when he reported as directed by ICE. (*Id.*) No bond was set. (*Id.*)

Respondents provide the following supplemental factual information. Villantes George illegally entered the United States in 2014 without inspection or parole by an immigration officer. (Resp. at 1; App. 003, 008.) On June 4, 2023, Villantes George was encountered by ERO after an arrest by Mansfield Police in Tarrant County, Texas, on a charge of driving while intoxicated ("DWI"). (Resp. at 1; App. 003.) After ERO officers determined that Villantes George was a Mexican national and was present with no legal entry, he was arrested and transferred to the Bluebonnet Detention Facility. (*Id.*) Villantes George was detained, and on June 6, 2023, he was placed into removal proceedings through issuance of an NTA, charged as removable under INA § 212(a)(6)(A)(i), and released on his own recognizance. (Resp. at 1.) On February 13, 2024, Villantes George filed an EOIR-42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents, with the Dallas Immigration Court. (*Id.*) When he reported to the Dallas ERO Field Office on October 28, 2025, he was arrested and detained. (*Id.*)

Villantes George alleges that he is entitled to a bond hearing under the Immigration and Nationality Act ("INA"), but he has not been provided a bond hearing "based solely on the government's new claim that a decades old statute subjects any noncitizen who entered without inspection to mandatory detention for the duration of removal proceedings." (Am. Pet. ¶ 24.) He asserts claims for violation of the INA (*id.* ¶¶ 150-152), violation of due process (*id.* ¶¶ 153-156), and ICE's violation of its own regulations by failing to provide Petitioner with a bond hearing (*id.* ¶¶ 157-158). As relief, he seeks a writ of habeas corpus requiring his immediate release or that he be provided a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). (Am. Pet. at Prayer.) He also seeks "[d]eclaratory judgment pursuant to 28 U.S.C. § 2201, declaring that EWI noncitizens encountered in the interior long after their entry who are placed in removal proceedings and are not described in § 1226(c) or 8 C.F.R. § 1003.19(h)(2), are entitled to a bond hearing before a neutral adjudicator;" an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA");" and "any other and further relief that this Court deems just and proper." (*Id.*)

## II. LEGAL STANDARDS AND ANALYSIS

### A.   Subject Matter Jurisdiction

Because it concerns the Court's power to decide the case, "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024)

(quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)); *see also United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Although Respondents do not challenge the Court's jurisdiction over this matter (*see generally* Resp.), the Court "is duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *H&D Tire & Auto.– Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000).

Several provisions of the INA "curtail the jurisdiction of federal district courts in immigration cases." *Lopez-Arevelo v. Ripa*, ___ F. Supp. 3d ____, 2025 WL 2691828, at *3 (W.D. Tex. Sept. 22, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 292–96, (2018)). But "the Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Id.* at *5 (cleaned up); *accord Barrientos v. Baltazar*, No. 5:24-CV-00005, 2024 WL 5455686, at *3 (S.D. Tex. Dec. 18, 2024) ("Noncitizens may challenge their immigration detention under § 2241, although Congress has limited this Section's reach." (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Nielsen v.*

*Preap*, 586 U.S. 392, 419-20 (2019))), *adopted*, 2025 WL 744703 (S.D. Tex. Mar. 7, 2025).

Villantes George challenges the validity of the agency's new policies relating to mandatory detention and a detainee's entitlement to a bond hearing (*see* Am. Pet. ¶¶ 150-152, 157-158), but he also challenges his ongoing detention on constitutional due process grounds (*see id.* ¶¶ 153-156). Thus, the Court has jurisdiction to assess whether these policies have been applied to Villantes George in an unconstitutional manner. *See Lopez-Arevelo*, 2025 WL 2691828, at *7 (citing *Perez v. Kramer*, No. 25-cv-3179, 2025 WL 2624387, at *3 (D. Neb. Sept. 11, 2025) (declining to consider "the validity of the government's argument that [the p]etitioner should be mandatorily detained under § 1225" or the applicability of *Yajure Hurtado* and considering, instead, the due process question)).

**B.     Mandatory Detention under the INA**

"This habeas action is another in a flood of similar actions filed after the Board of Immigration Appeals ("BIA") eliminated the ability of immigration judges ("IJs") to make individualized bond determinations as to certain persons placed in removal proceedings." *Perez v. Noem*, No. 3:25-CV-2920-K-BN, 2025 WL 3532430, at *1 (N.D. Tex. Nov. 14, 2025), *adopted* 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025) (internal citation omitted); *see also Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL

2950097, at *2 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025).

> Two statutes in the [INA] principally govern [these] detention: 8 U.S.C. §§ 1225 and 1226.  Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal.  8 U.S.C. § 1226.  The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States." *Jennings*, 583 U.S. at 288 (quoting § 1226(a)).  "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id*. (citation modified).  But "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id*. (quoting § 1225(b)(2)(A)).  Hence, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*, *Rodriguez v. Bostock*, --- F.Supp.3d ---, 2025 WL 2782499, at *3 (W.D. Wash. Sept. 30, 2025).

*Covarrubias*, 2025 WL 2950097, at *2.

"The principal issue" in these cases "is whether [the habeas petitioner] has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), which prescribes mandatory detention during removal proceedings, or if he is subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing regarding whether the noncitizen is a flight risk or poses a danger to the community." *Id*.  The difference in interpretation emanates from the Government's recent reevaluation of its immigration detention authority.  On July 8, 2025, ICE

issued interim guidance ("Interim Guidance" or "Guidance") announcing that the Department of Homeland Security ("DHS") "has revisited its legal position on detention and release authorities."[2]  The Guidance concludes that INA Section 235 (8 U.S.C. § 1225) rather than Section 236 (8 U.S.C. § 1226), is the applicable immigration detention authority for all applicants for admission."  *See* Interim Guidance; *see also Perez*, 2025 WL 3532430, at *3.  As a result, and "it is [now] the position of DHS that such aliens are subject to detention under INA § 235(b) and may not be released from ICE custody except by INA § 212(d)(5) parole.  These aliens are also ineligible for a custody redetermination hearing ('bond hearing') before an immigration judge."  Interim Guidance.  Then, on September 5, 2025, the BIA issued a decision affirming this new DHS interpretation.  *See In re: Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  In *Hurtado*, the BIA affirmed "the Immigration Judge's determination that he did not have authority over [a] bond request because aliens who are present in the United States without admission are applicants for admission as defined under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings."  *Id*. at 220.

---

[2] A copy of the Interim Guidance is available at https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission; https://immpolicytracking.org/policies/ice-issues-memo-eliminating-bond-hearings-for-undocumented-immigrants/#/tab-policy-documents (last visited Dec. 18, 2025).

Respondents base their arguments on this new interpretation of agency policy. (*See generally* Resp.)  Respondents also argue that there is no procedural due process violation because a noncitizen detained without bond while awaiting a removability decision "has only those rights regarding admission that Congress has provided by statute." (Resp. at 13 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 104 (2020)).  They argue that, because Section 1225 "says nothing 'whatsoever about bond hearings' ... [n]o procedural due process claim is stated." (Resp. at 5 (citing *Jennings*, 583 U.S. 281, 297 (2018)).

"[C]ourts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect." *Lopez-Arevelo*, 2025 WL 2691828, at *7 (collecting cases).  "Many of these decisions have been made in the context of requests for preliminary injunctive relief." *Id*. at *7 n.6.  Respondents concede that the decision in *In re Hurtado* represents a departure from the way that the agency has interpreted the law since 1996.  (*See* Resp. at 6 n.1.)

**C.    The INA**

For the reasons explained above, and succinctly explained in *Covarrubias*, 2025 WL 2950097, at *2, which, in turn, relied on almost every other federal district court in this circuit and elsewhere that has addressed this issue, the undersigned first concludes that detaining Villantes George without a bond hearing under Section 1225(b) violates the INA:

> [Villantes George] contends that he is being detained under Section 1226(a) and should have a bond hearing, but Respondents argue that he is subject to mandatory detention under Section 1225(b)(2), and therefore, not entitled to a bond hearing.
>
> * * *
>
> [W]hether [Villantes George] falls under Section 1226(a) or 1225(b)(2) is a matter of statutory interpretation. Statutory interpretation is the province of the courts, not agencies. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024).
>
> The [undersigned] finds that Section 1226, not Section 1225, applies to [Villantes George's] detention. As almost every district court ... has concluded, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" support application of Section 1226. *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (collecting cases).

*Covarrubias* at *3 (cleaned up); *see also Buenrostro-Mendez*, 2025 WL 2886346, at *3 ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement. The respondents have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result. Section § 1226(a), not § 1225(b), applies to [the petitioner]." (cleaned up)).

**D.     Procedural Due Process**

    **1.     Availability of Procedural Due Process Protections**

The undersigned also finds that detaining Villantes George without a bond hearing violates his Fifth Amendment rights. In the context of detention under Sections 1225(b) and 1226(a), the United States Court of Appeals for the Fifth Circuit has "expressly left open the constitutional due process question" for lower

courts to consider. *Lopez-Arevelo*, 2025 WL 2691828, at *8 (citing *Jennings*, 583 U.S. at 312).

Although Respondents cite but do not expressly rely on *Thuraissigiam*, 591 U.S. 103 (2020), to oppose Villantes George's due process arguments (*see* Resp. at 11-13), because the undersigned concludes that Villantes George is erroneously categorized as detained under Section 1225(b)(2), the undersigned also recommends that the Court reject Respondents' related argument that, because Section 1225 "says nothing 'whatsoever about bond hearings' … [n]o procedural due process claim is stated." (Resp. at 13 (quoting *Jennings*, 583 U.S. at 297).)

And, to the extent that Respondents may rely on *Thuraissigiam* to deny this due process claim, the undersigned agrees with the court in *Lopez-Arevelo* and other courts in the Fifth Circuit that have found *Thuraissigiam* to be distinguishable in this context. *See Lopez-Arevelo*, 2025 WL 2691828 at *7-10; *see also, e.g.*, *Vieira v. De Anda-Ybarra*, ___ F. Supp. 3d ____, No. EP-25-cv-432-DB, 2025 WL 2937880, at *4-5 (W.D. Tex. Oct. 16, 2025); *Gonzales Martinez v. Noem*, No. EP-25-cv-430-KC, 2025 WL 2965859, at *4 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. EP-25-cv-361-KC, 2025 WL 2792588, at *7-10 (W.D. Tex. Oct. 2, 2025); *Hernandez-Fernandez v. Lyons*, No. 5:25-cv-773-JKP, 2025 WL 2976923, at *7-8 (W.D. Tex. Oct. 21, 2025).

In *Thuraissigiam*, "[t]he [Supreme] Court did not address whether noncitizens mandatorily detained under § 1225(b) have a constitutional due process right to

challenge the fact or length of their detention, as [Villantes George] does here." *Lopez-Arevelo*, 2025 WL 2691828, at *8. Unlike in *Thuraissigiam*, where the petitioner challenged his deportability and the denial of his asylum admission, here Villantes George challenges his detention without a bond hearing. *See Thuraissigiam*, 591 U.S. at 114-15. Further, the petitioner in *Thuraissigiam* was stopped and detained "within twenty-five yards of the border" and was not released or permitted to reside in the United States. *Thuraissigiam*, 591 U.S. at 114. But Villantes George has resided in the United States since 2014 (*see* Am. Pet. ¶ 15; *see also* App. 008). *Lopez-Arevelo*, 2025 WL 2691828, at *9 (distinguishing *Thuraissigiam* because petitioner had resided in the United States for three years). Therefore, Villantes George is entitled to procedural protections under the Fifth Amendment's Due Process Clause, and the undersigned will consider his claim that his detention violates those rights.

### 2. *Mathews* Balancing Test

"To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Martinez v. Noem*, No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (cleaned up). The three factors to consider are (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's

interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335 (cleaned up). "The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" *Id.* at 348 (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 171-72 (1976) (Frankfurter, J., concurring)).

### a. Private Interest

"Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty [the Due Process] Clause protects." *Vieira*, 2025 WL 2937880, at *6 (quoting *Zadvydas*, 533 U.S. 678 at 690). District courts have held that noncitizens who have been released from custody on their recognizance have a "liberty interest in remaining out of custody on bond." *Lopez-Arevelo*, 2025 WL 2691828, at *11 (collecting cases). Villantes George was released on his recognizance in June 2023. Upon his release, he acquired a "cognizable interest in his freedom from detention that deserves great weight and gravity." *Vieira*, 2025 WL 2937880, at *6. Therefore, the first factor weighs in his favor.

### b. Risk of Erroneous Deprivation and Value of Additional Safeguards

As to the second factor, Villantes George is in custody. Without a bond hearing, it is very likely that he will remain in custody. The risk of an arbitrary

- 13 -

deprivation is greater given the BIA's new interpretation of Section 1225(b)(2). *See Vieira*, 2025 WL 2937880, at *7; *Lopez-Arevelo*, 2025 WL 2691828, at *11. "[A]gency decisionmakers regularly 'conduct[] individualized custody determinations … consider[ing] flight risk and dangerousness.'" *Gonzales Martinez*, 2025 WL 2965859, at *4 (cleaned up). So, a bond hearing would "give [Villantes George] the opportunity to be heard and receive a meaningful assessment of whether he is dangerous or likely to abscond." *Lopez-Arevelo*, 2025 WL 2691828, at *11. Because a bond hearing would reduce the risk of an erroneous deprivation of Villantes George's liberty, the second factor therefore weighs in favor of Villantes George.

        **c.**     **Government's Interest**

Respondents argue that the government has the constitutional power to detain Villantes George without bond "for the limited purpose of removal proceedings and determining his removability." (Resp. at 11.) But they do not explain their interest in making those determinations while detaining Villantes George without bond. He has no history of absconding, he reported as directed on October 28, 2025, and his next removal hearing was not scheduled until November 2027 (*see* Am. Pet. ¶ 23). And, in any event, the government's interest in ensuring that Villantes George appears for his removal proceedings "would be squarely addressed through a bond hearing." *Gonzalez Martinez*, 2025 WL 2965859, at *4. Thus, the third factor also weighs in favor of Villantes George.

Because all three *Mathews* factors support Villantes George, the undersigned concludes that denying him a bond hearing under Section 1225(b)(2) deprives him of his procedural due process rights under the Fifth Amendment. Because the denial of a bond hearing violates Villantes George's procedural due process rights, the undersigned declines to address any substantive due process claim that Villantes George may make. *See Santiago*, 2025 WL 2792588, at *6 n.2 ("[B]ecause the Court grants [the petition] on procedural due process grounds, the Court need not reach [the petitioner's] substantive due process . . . claims.").

### III.  INJUNCTIVE RELIEF

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989))

To obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened

injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up). "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth.*, 489 F.2d at 576 (cleaned up). So the decision on a motion seeking a TRO or preliminary injunction does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

In short, a TRO or preliminary injunction is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17CV595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of

injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)). Therefore, a motion or application for a TRO or preliminary injunction is properly denied when it is no more than a "motion to win."

Here, the arguments supporting Vilanntes George's TRO motion focus on the harms of mandatory detention without bond, and therefore, he appears to seek the same or similar relief in the habeas petition and the TRO motion. Insofar as Villantes George seeks the same ruling on the merits as the habeas petition, the undersigned finds that the TRO motion improperly seeks ultimate relief. *See Buenrostro-Mendez*, 2025 WL 2886346, at \*4 (denying TRO as moot because it sought the same relief as the petitioner's habeas petition – to release the petitioner from custody or order a bond hearing). Accordingly, the TRO motions (Dkt. Nos. 2, 11) Court should be denied.

### IV. REMEDY

Most courts confronting this issue have determined that the appropriate relief is a bond hearing. *See Lopez-Arevelo*, 2025 WL 2691828, at \*12-13 (collecting cases);

*Vieira*, 2025 WL 2937880, at *7 (collecting cases). The Court therefore should order that Villantes George be given a bond hearing before an IJ and decline to award any other requested relief at this time.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court grant in part Villantes George's application for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. Nos. 1,9) to require Respondents to provide him with a bond hearing before an immigration judge and deny the motions for a TRO (Dkt. Nos. 2, 11).

**SO RECOMMENDED** on December 19, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).